UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CRUZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, INC., et al.,<br><br>Defendants. | No. 1:20-cv-01510-NONE-EPG<br><br>ORDER GRANTING DEFENDANTS LEAVE TO FILE SUPPLEMENTAL BRIEFING CONCERNING MOTION TO REMAND<br><br>(Doc. No. 7) |

Plaintiff Nico Cruz filed a putative class-action complaint in the Fresno County Superior Court against defendants Mohawk Industries, Inc., Daltile Services, Inc., Dal-Tile Services, Inc., and Dal-Tile Corporation on September 14, 2020.  (Doc. No. 1-2.)  Defendants removed the action to this court on October 23, 2020, invoking federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  (Doc. No. 1.)  On November 23, 2020, plaintiff filed a motion to remand.  (Doc. No. 7.)  Defendants filed an opposition and a request for judicial notice on December 30, 2020.  (Doc. Nos. 10 & 11.)  Plaintiff did not file a reply brief.

The court has conducted a preliminary analysis and is inclined to grant plaintiff's motion to remand.  Defendants have established by a preponderance of the evidence, that the amount in controversy with respect to plaintiff's first, second, third, fourth (as to unpaid wages and liquidated damages), and ninth causes of action are, cumulatively, $4,109,869.  Defendants'

1

calculations for plaintiff's fourth (as to penalties), fifth, and seventh causes of action assume a 100% violation rate.  That assumption is impermissible given plaintiff's pattern-and-practice allegations and defendants' failure to provide a rationale for such a violation rate.  *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198–99 (9th Cir. 2015).  In addition, defendants have not met their burden of showing that the court should assume plaintiff will be entitled to an additional 35% for attorneys' fees.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019) (holding defendants carry such burden); *Bell v. NuSil Tech. LLC*, No. 1:20-cv-00061-NONE-JLT, 2021 WL 1208013, at *5–6 (E.D. Cal. Mar. 31, 2021) (finding that defendants failed to justify 25% rate for attorneys' fees).  Defendants have provided evidence that in other similar cases that have settled, plaintiff's counsel requested 35% of the settlement to be paid to his firm for attorneys' fees.  This is insufficient.  "[D]efendant[s] must prove the amount of attorneys' fees at stake by a preponderance of the evidence" using summary-judgment-style evidence.  *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 796 (9th Cir. 2018).  Defendants have shown by a preponderance of the evidence that, in *settlements*, plaintiff's counsel seeks to be awarded 35% of the fund as attorneys' fees.  But here, defendants are attempting to show the amount in controversy based not on a potential settlement but on what the prospective class might receive if successful on the merits.  Thus, noting that plaintiff's counsel has asked to be awarded a portion of a settlement fund as attorneys' fees does not meet defendants' evidentiary burden in this regard.  *See also id.* (declining to "hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery" and requiring removing defendant to prove the amount of attorneys' fees at stake with a view to "the applicable contractual or statutory requirements that allow fee-shifting in the first place").

Defendants do not provide proposed amounts in controversy as to plaintiff's sixth, eighth and tenth causes of action, and defendants have requested an order granting leave to file supplemental briefing if helpful to the court.  (*See* Doc. No. 10 at 19.)  The court "has broad discretion to allow parties to supplement the record."  *NAACP Legal Def. & Educ. Fund, Inc. v. Barr*, 496 F. Supp. 3d 116, 126 n.2 (D.D.C. 2020) (granting leave to supplement to provide

additional facts not available at time of original filing).  "The Federal Rules of Civil Procedure do not require a district court to allow amendments to a motion, but rather a district court has discretion to grant or deny such amendments." *Hupp v. Switzerland of Ohio Loc. Sch. Dist.*, 912 F. Supp. 2d 572, 604 (S.D. Ohio 2012) (citations omitted).  "[T]here is no reason to deny the amendment when the trial judge believes it would be in the interests of justice to permit it."  5 Arthur R. Miller, *et al.*, *Fed. Prac. & Proc. Civ*. § 1194 (3d ed.).  The court finds that the interests of justice will be served by permitting the supplemental filing in this instance.

Defendants may file supplemental briefing concerning <u>only</u> the above-mentioned causes of action and issues within thirty days.  Plaintiff may file a reply brief concerning <u>only</u> the supplemental briefing within fourteen days thereafter.[1]

IT IS SO ORDERED.

Dated:   **September 22, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Should the parties file supplemental briefing, the court will turn its attention to the motion to remand without further delay.  This will maintain the present priority of that motion vis-à-vis other pending motions, which generally are being addressed in the order in which they were submitted.  The undersigned apologizes for the excessive delay in this case.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  That situation, which has continued unabated for over nineteen months now, has left the undersigned presiding over more than 1300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.