**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICO CRUZ, | CASE NO. 1:20-CV-01510-JLT-EPG |
| | **CLASS ACTION SCHEDULING CONFERENCE ORDER** |
| Plaintiff, | Initial Disclosures: June 16, 2022 |
| | Amendment to Pleadings: August 22, 2022 |
| v. | Nonexpert Discovery Cutoff: March 3, 2023 |
| MOHAWK INDUSTRIES, INC., ET AL., | Mid-Discovery Conference: Date: December 12, 2022<br>Time: 10:00 a.m.<br>Dept: 10 (EPG) |
| Defendants. | Motion for Class Certification: April 11, 2023 |
| | Opposition to Class Certification: June 9, 2023 |
| | Reply Re: Class Certification: June 19, 2023 |
| | Hearing Re: Class Certification: Date: July 14, 2023<br>Time: 10:00 a.m.<br>Dept: 10 (EPG) |

1

1  This Court conducted a scheduling conference on April 21, 2022.  Counsel Randolph
2  Greenwald appeared telephonically on behalf of Plaintiff.  Counsel Ian Wright appeared
3  telephonically on behalf of Defendants.
4  As discussed with the parties, the Court sets an amended schedule for this action through
5  filing of the motion for class certification. The Court will set additional deadlines regarding class
6  merits discovery and trial dates if necessary after a ruling on any motion for class certification.

7  **I.** **Amendment To The Parties' Pleadings**

8  Any motions or stipulations requesting leave to amend the pleadings shall be filed no later
9  than **August 22, 2022**.

10  The parties are advised that the filing of motions and/or stipulations requesting leave to
11  amend the pleadings does not imply good cause to modify the existing schedule.  Fed. R. Civ. P.
12  16 (b) (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992).
13  Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to
14  the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See*
15  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

16  **II.** **Fed. R. Civ. P. 26(a)(1)**

17  Initial disclosures shall be completed no later than **June 16, 2022**.

18  **III.** **Class Certification Discovery Cutoffs and Limits**

19  All non-expert discovery regarding class certification issues shall be completed no later
20  than **March 3, 2023**.

21  As discussed with the parties, expert disclosure deadlines will be set after a ruling on the
22  motion for class certification as necessary. However, the parties are advised that any expert
23  disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall**
24  **include all information required thereunder**.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R.
25  Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions.  Each
26  expert witness must be fully prepared to be examined on all subjects and opinions included in the
27  disclosures.  Failure to comply with these requirements will result in the imposition of appropriate
28  sanctions, including the preclusion of the expert's testimony, or of other evidence offered through

the expert.

The parties are further advised that motions to compel must be filed in advance of the discovery deadlines so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**I.      Pretrial Motions**

*A.  Class Certification*

The Court sets a briefing schedule for Plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23. Plaintiff's motion shall be filed by **April 11, 2023**. Defendants' opposition shall be filed by **June 19, 2021.** Plaintiff's reply shall be filed by **July 14, 2021.** The motion for class certification will be heard on **July 14, 2023, at 10:00 AM in Courtroom 10 (EPG)** before Magistrate Judge Erica P. Grosjean.

*B.  General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] all moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, before Magistrate Judge Grosjean shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

**1.  Informal Discovery Conference**

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37 or 45, a party must

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

receive permission from the Court following an informal telephone conference. Non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an Informal Discovery Dispute Letter Brief, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The parties are also directed to email their briefs to epgorders@caed.uscourts.gov. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

**2. Discovery Motions**

If a motion is brought pursuant to Fed. R. Civ. P. 37 or 45, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[2] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

4

pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### 3. Dispositive Motions

Although the Court has not set a deadline for dispositive motions, the parties are not precluded from filing such motions when ripe. All dispositive motions will be heard by District Judge Jennifer L. thurston. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260. The parties shall also refer to Judge Thurston's courtroom procedures.

## IV.  Status Conference

A Mid-Discovery Status Conference is set for **December 12, 2022 at 10:00 a.m.** in Courtroom 10, before Magistrate Judge Grosjean.  The parties are directed to file a joint report, of up to five (5) pages, outlining the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction.  The parties shall file the report one full week prior to the conference, and email a copy, in Word format, to epgorders@caed.uscourts.gov. The parties may appear telephonically by dialing dial 1 (888) 251-2909 and entering access code 1024453.

## VI.  Settlement Conference

Although one has not been set at this time, the parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

## VII.  Compliance with Federal Procedures

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto.  The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

///

**VIII.     Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.* Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **May 2, 2022**                              /s/ *Erica P. Grosjean*
                                                       UNITED STATES MAGISTRATE JUDGE