UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CRUZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-01510-JLT-EPG<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF No. 33) |

On June 2, 2022, the parties filed a stipulated protective order. (ECF No. 33.) The stipulation provides, in relevant part:

> B. GOOD CAUSE STATEMENT This action is likely to involve Mohawk Industries, Inc., Dale Tile Services, Inc., DalTile Services, Inc., and Dal-Tile Corporation's (collectively, "Defendants") employees' personal identifying information as well as valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, **among other things**, confidential staffing and management practices, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of Defendants' employees and other third parties), **information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.** Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

1

> handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

(ECF No. 33 at 2-3) (Emphasis added.)

Local Rule 141.1 requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c).

Having reviewed the proposed protective order, the Court finds that it does not comply with Local Rule 141.1(c). When describing the types of information eligible for protection, the stipulation includes catchall language and general descriptions of protected information that do not comply with Local Rule 141.1(c)(1). The Court will therefore deny the stipulation without prejudice to refiling a proposed stipulated protective order that complies with Local Rule 141.1(c).[1]

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated protective order (ECF No. 33) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 6, 2022**                   /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] In discussing requests to seal, the parties' stipulation refers to Civil Local Rule 79-5. (*See* ECF No. 33 at 2, 15.) This appears to be in error, as there is no such rule in this District. Any revised stipulation should refer to the appropriate local rule.

2