Edwin Aiwazian (SBN 232943)
Brittany Shaw (SBN 331773)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICO CRUZ, individually, and on behalf of other members of the general public similarly situated; | Case No. 1:20-cv-01510-JLT-EPG |
| Plaintiff, | [Removal from the Superior Court of the State of California, County of Fresno, Case No. 20CECG02675] |
| vs. | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| MOHAWK INDUSTRIES, INC., an unknown business entity; DALTILE SERVICES, INC., an unknown business entity; DAL-TILE SERVICES, INC., an unknown business entity; DAL-TILE CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive, | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); |
| Defendants. | (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); <br> (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); <br> (10) Violation of California Business & Professions Code §§ 17200, et seq. |
| | **DEMAND FOR JURY TRIAL** |

1    COMES NOW, Plaintiff NICO CRUZ ("Plaintiff"), individually, and on behalf of

2    other members of the general public similarly situated, and alleges as follows:

3                          **JURISDICTION AND VENUE**

4        1.      This class action was originally brought in the Superior Court for the

5    County of Fresno pursuant to the California Code of Civil Procedure section 382.  The

6    monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction

7    limits of the Superior Court and will be established according to proof at trial.  The

8    "amount in controversy" for the named Plaintiff, including but not limited to claims for

9    compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of

10   attorneys' fees, is less than seventy-five thousand dollars ($75,000).

11       2.      The United States District Court for the Eastern District of California has

12   asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005,

13   28 U.S.C. § 1332(d). California Constitution, Article VI, Section 10, which grants the

14   superior court "original jurisdiction in all other causes" except those given by statute to

15   other courts.  The statutes under which this action is brought do not specify any other

16   basis for jurisdiction.

17       3.      The United States District Court for the Eastern District of California has

18   jurisdiction over Defendants because, upon information and belief, Defendants are doing

19   business in California, at all times hereinafter mentioned, an employer whose employees

20   are engaged throughout this District and throughout the State of California.  Defendants

21   maintain offices, have agents, and are licensed to transact and do transact business in this

22   District.

23                                **PARTIES**

24       4.      Plaintiff NICO CRUZ is an individual residing in the State of California,

25   County of Fresno.

26       5.      Defendant MOHAWK INDUSTRIES, INC., at all times herein mentioned,

27   was and is, upon information and belief, an employer whose employees are engaged

28   throughout the State of California, including the County of Fresno.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.      Defendant DALTILE SERVICES, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Fresno.

7.      Defendant DAL-TILE SERVICES, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Fresno.

8.      Defendant DAL-TILE CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Fresno.

9.      At all relevant times, Defendants MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC., DAL-TILE SERVICES, INC., and DAL-TILE CORPORATION were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

10.      At all times herein relevant, Defendants MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC., DAL-TILE SERVICES, INC., DAL-TILE CORPORATION, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

11.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint,

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and unlawfully caused the injuries and damages to Plaintiff and the other class members

2   as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint

3   to show the true names and capacities when the same have been ascertained.

4       12.    Defendant MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,

5   DAL-TILE SERVICES, INC., DAL-TILE CORPORATION, and DOES 1 through 100

6   will hereinafter collectively be referred to as "Defendants."

7       13.    Plaintiff further alleges that Defendants directly or indirectly controlled or

8   affected the working conditions, wages, working hours, and conditions of employment

9   of Plaintiff and the other class members so as to make each of said Defendants employers

10  liable under the statutory provisions set forth herein.

11                          **CLASS ACTION ALLEGATIONS**

12      14.    Plaintiff bring this action on his own behalf and on behalf of all other

13  members of the general public similarly situated, and, thus, seeks class certification under

14  Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. .

15      15.    The proposed class is defined as follows:

16             All current and former hourly-paid or non-exempt employees who worked

17             for any of the Defendants within the State of California at any time during

18             the period from September 15, 2016 to final judgment and who reside in

19             California.

20      16.    Plaintiff reserves the right to establish subclasses as appropriate.

21      17.    The class is ascertainable and there is a well-defined community of interest

22  in the litigation:

23  a.    <u>Numerosity</u>: The class members are so numerous that joinder of all class members

24  is impracticable.  The membership of the entire class is unknown to Plaintiff at this time;

25  however, the class is estimated to be greater than fifty (50) individuals and the identity

26  of such membership is readily ascertainable by inspection of Defendants' employment

27  records.

28  b.    <u>Typicality</u>:  Plaintiff's  claims  are  typical  of  all  other  class  members'  as

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

4

demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.    Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.      Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

l.      Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.      The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.      Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

19.      Class certification is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, failed to keep requisite payroll records, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## GENERAL ALLEGATIONS

20.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Fresno.

21.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately September 2016 to approximately December 2018, in the State of California, County of Fresno.

22.   Defendants hired Plaintiff and the other class members, classified them as

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

23.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

24.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

25.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

26.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

27.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them all regular and/or overtime wages earned, and missed, shortened, late and/or interrupted meal periods and rest breaks in violation of California law.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

31.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

32.   Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and other class members a reasonable opportunity to take, impeded, and discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours. For example, Plaintiff and the putative class members were directed to take late lunch breaks and/or interrupted to ask questions regarding orders.  Plaintiff and the putative class members were not given a second meal break when working more than ten (10) hours.

33.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, shortened, late, or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed shortened, late, or interrupted.  Despite this, Plaintiff and the other putative class members did not receive any rest periods, but rather were informed that they could stop and take "breaks" randomly throughout the day when speaking with their supervisors.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

34.   Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period. For example, Plaintiff did not receive full, uninterrupted, off-duty rest periods while working for Defendants, but rather was told his breaks would consist of  stopping every now and then to talk.

35.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, requiring Plaintiff and other class members to work through every rest period, having to wait in line to clock in, having to turn on the computers in order to clock in, and being interrupted during lunch in order to respond to questions regarding orders.

36.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

37.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

California Labor Code section 204.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members, and the accurate total amount of wages earned by Plaintiff and the other class members.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

42.    During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

43.    During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

44.    During the relevant time period, Defendants failed to pay Plaintiff and the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    other class members at least minimum wages for all hours worked.

2         45.     During the relevant time period, Defendants failed to pay Plaintiff and the

3    other class members all wages owed to them upon discharge or resignation.

4         46.     During the relevant time period, Defendants failed to pay Plaintiff and the

5    other class members all wages within any time permissible under California law,

6    including, *inter alia*, California Labor Code section 204.

7         47.     During the relevant time period, Defendants failed to provide complete or

8    accurate wage statements to Plaintiff and the other class members.

9         48.     During the relevant time period, Defendants failed to keep complete or

10    accurate payroll records for Plaintiff and the other class members.

11         49.     During the relevant time period, Defendants failed to reimburse Plaintiff

12    and the other class members for all necessary business-related expenses and costs.

13         50.     During the relevant time period, Defendants failed to properly compensate

14    Plaintiff and the other class members pursuant to California law in order to increase

15    Defendants' profits.

16         51.     California Labor Code section 218 states that nothing in Article 1 of the

17    Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

18    or penalty due to him [or her] under this article."

19    **FIRST CAUSE OF ACTION**

20    **(Violation of California Labor Code §§ 510 and 1198)**

21    **(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

22    **DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

23    **and DOES 1 through 100)**

24         52.     Plaintiff incorporates by reference the allegations contained in Paragraphs

25    1 through 51, and each and every part thereof with the same force and effect as though

26    fully set forth herein.

27         53.     California Labor Code section 1198 and the applicable Industrial Welfare

28    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

55.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

56.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

57.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off-the-clock, including but not limited to, requiring Plaintiff and other class members to wait in line to clock in, having to start-up the computers in order to clock in, and being interrupted during their meal break in order to respond to questions regarding orders.

58.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.  Defendants had a policy and practice of turning off the computers and requiring Plaintiff and other class members to start-up on the computers and wait several minutes prior to being able

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 to clock in.  Additionally, Plaintiff and other class members would be required to wait

2 several minutes to clock-in and clock-out due to the limited amount of available and

3 operating machines and the line that would form due to other employees waiting to clock-

4 in or clock-out at the same time.

5      59.    Defendants' failure to pay Plaintiff and the other class members the unpaid

6 balance of overtime compensation, as required by California laws, violates the provisions

7 of California Labor Code sections 510 and 1198, and is therefore unlawful.

8      60.    Pursuant to California Labor Code section 1194, Plaintiff and the other

9 class members are entitled to recover unpaid overtime compensation, as well as interest,

10 costs, and attorneys' fees.

11 **SECOND CAUSE OF ACTION**

12 **(Violation of California Labor Code §§ 226.7 and 512(a))**

13 **(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

14 **DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

15 **and DOES 1 through 100)**

16      61.    Plaintiff incorporates by reference the allegations contained in paragraphs

17 1 through 60, and each and every part thereof with the same force and effect as though

18 fully set forth herein.

19      62.    At all relevant times, the IWC Order and California Labor Code sections

20 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment

21 by Defendants.

22      63.    At all relevant times, California Labor Code section 226.7 provides that no

23 employer shall require an employee to work during any meal or rest period mandated by

24 an applicable order of the California IWC.

25      64.    At all relevant times, the applicable IWC Wage Order and California Labor

26 Code section 512(a) provide that an employer may not require, cause or permit an

27 employee to work for a work period of more than five (5) hours per day without providing

28 the employee with a meal period of not less than thirty (30) minutes, except that if the total

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

65.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

66.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

67.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

68.     During the relevant time period, Plaintiff and the other class members' meal periods were often missed, shortened, late, and/or were interrupted because Defendants required them continue to work on orders if it was too busy.  Defendants would also interrupt Plaintiff and other class members meal periods to ask questions regarding orders. Due to Defendants' actions, Plaintiff and the other class members were not permitted to take an uninterrupted meal period of no less than thirty (30) minutes before the end of their fifth hour of work.

69.     Defendants interrupted Plaintiff and the other class members during purported meal periods with business-related inquiries, instructions for tasks, and/or to require them to return to work before a full thirty (30) minutes elapsed to complete or

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

begin tasks.

70.    As a result, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

71.    Defendants also failed to provide a second meal period to Plaintiff and other class members when their shifts lasted over ten (10) hours.

72.    As a result, during the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

73.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

74.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

75.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

76.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

77.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

78.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

79.     During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

80.     During the relevant time period, Defendants did not provide Plaintiff and the other class members ten (10) minute rest periods when they worked shifts of at least three and one-half (3 ½) hours but less than four (4) hours in length.

81.     During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or were interrupted because Defendants required them to continue to work and did not provide actual rest breaks that were uninterrupted and off duty, noting that the employees will stop every now and then and talk. Due to Defendants' policy, Plaintiff and the other class members were not permitted to take a timely, uninterrupted rest period of no less than ten (10) minutes for each four hours, or major fraction thereof, worked. For example, upon information and belief, Plaintiff did not take any uninterrupted rest period of no less than ten (10) minutes while working for Defendants.  As a result, Defendants interrupted Plaintiff and the other class

1    members during purported rest periods with business-related inquiries, instructions for

2    tasks, and/or to require them to work before a full ten (10) minutes elapsed to complete

3    or begin tasks.

4        82.    Defendants failed to provide, authorize, and/or permit Plaintiff and other

5    class members to take full, uninterrupted, off-duty rest periods for every shift lasting three

6    and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods

7    for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty

8    rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a

9    good faith effort to authorize, permit, and provide such rest breaks in the middle of each

10   work period.

11       83.    Defendants willfully required Plaintiff and the other class members to work

12   during rest periods and failed to pay Plaintiff and the other class members the full rest

13   period premium for work performed during rest periods.

14       84.    During the relevant time period, Defendants failed to pay Plaintiff and the

15   other class members the full rest period premium due pursuant to California Labor Code

16   section 226.7

17       85.    Defendants' conduct violates applicable IWC Wage Orders and California

18   Labor Code section 226.7.

19       86.    Pursuant to the applicable IWC Wage Orders and California Labor Code

20   section 226.7(c), Plaintiff and the other class members are entitled to recover from

21   Defendants one additional hour of pay at the employees' regular hourly rate of

22   compensation for each work day that the rest period was not provided.

23                              **FOURTH CAUSE OF ACTION**

24            **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

25         **(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

26              **DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

27                          **and DOES 1 through 100)**

28       87.    Plaintiff incorporates by reference the allegations contained in paragraphs

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 through 86, and each and every part thereof with the same force and effect as though fully set forth herein.

88.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

89.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties off-the-clock, including but not limited to, requiring Plaintiff and other class members to wait in line to clock in, having to start-up the computers in order to clock in, and being interrupted during their meal break in order to respond to questions regarding orders.

90.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

91.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

92.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

93.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

95.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged their wages, earned and unpaid, immediately at the time of their discharge. Plaintiff was not paid at the time of his discharge wages earned and unpaid throughout his employment, performing work duties off-the-clock, including but not limited to, requiring Plaintiff and other class members to wait in line to clock in, having to start-up the computers in order to clock in, and being interrupted during their meal break in order to respond to questions regarding orders.

96.     Similarly, during the relevant time period, Defendants intentionally and willfully failed to pay other class members who quit their employment with Defendants with less than seventy-two (72) hours' notice their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, performing work duties off-the-clock, including but not

1  limited to, requiring Plaintiff and other class members to wait in line to clock in, having

2  to start-up the computers in order to clock in, and being interrupted during their meal

3  break in order to respond to questions regarding orders..

4       97.    Defendants' failure to pay Plaintiff and the other class members who are no

5  longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

6  hours of their leaving Defendants' employ, is in violation of California Labor Code

7  sections 201 and 202.

8       98.    California Labor Code section 203 provides that if an employer willfully

9  fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the

10  employee shall continue as a penalty from the due date thereof at the same rate until paid

11  or until an action is commenced; but the wages shall not continue for more than thirty

12  (30) days.

13       99.    Plaintiff and the other class members are entitled to recover from

14  Defendants the statutory penalty wages for each day they were not paid, up to a thirty

15  (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 204)**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

21       100.    Plaintiff incorporates by reference the allegations contained in paragraphs

22  1 through 99, and each and every part thereof with the same force and effect as though

23  fully set forth herein.

24       101.    At all times herein set forth, California Labor Code section 204 provides

25  that all wages earned by any person in any employment between the 1st and 15th days,

26  inclusive, of any calendar month, other than those wages due upon termination of an

27  employee, are due and payable between the 16th and the 26th day of the month during

28  which the labor was performed.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    102.    At all times herein set forth, California Labor Code section 204 provides

2    that all wages earned by any person in any employment between the 16th and the last

3    day, inclusive, of any calendar month, other than those wages due upon termination of an

4    employee, are due and payable between the 1st and the 10th day of the following month.

5    103.    At all times herein set forth, California Labor Code section 204 provides

6    that all wages earned for labor in excess of the normal work period shall be paid no later

7    than the payday for the next regular payroll period.

8    104.    During the relevant time period, Defendants intentionally and willfully

9    failed to pay Plaintiff and the other class members all wages due to them, within any time

10   period permissible under California Labor Code section 204.

11   105.    Plaintiff and the other class members are entitled to recover all remedies

12   available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

18   106.    Plaintiff incorporates by reference the allegations contained in paragraphs

19   1 through 105, and each and every part thereof with the same force and effect as though

20   fully set forth herein.

21   107.    At all material times set forth herein, California Labor Code section 226(a)

22   provides that every employer shall furnish each of his or her employees an accurate

23   itemized statement in writing showing (1) gross wages earned, (2) total hours worked by

24   the employee, (3) the number of piece-rate units earned and any applicable piece rate if

25   the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions

26   made on written orders of the employee may be aggregated and shown as one item, (5)

27   net wages earned, (6) the inclusive dates of the period for which the employee is paid,

28   (7) the name of the employee and his or her social security number, (8) the name and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

108.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members and the gross and net wages actually earned. As the employer willfully requiring work to be performed off the clock and failing to provide, authorize, and/or permit meal and rest periods or to pay the premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages that were earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off the clock or any meal and rest period premiums earned.

109.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the putative class members' wage statements did not reflect the accurate number of regular hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed and were unable to verify they were paid the proper amount.  In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

110.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

111.   California Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

112.   California Code of Civil Procedure section 338(a) provides a three-year statute of limitations for an action upon a liability created by statute.  Therefore, pursuant to California Labor Code section 226(e) Plaintiff is entitled to seek his actual damages caused by Defendants' failure to comply with California Labor Code section 226(a). Plaintiff's claim for damages is timely because it is brought within the three-year statute of limitations.

113.   The other class members who were employed by Defendants during the applicable statute of limitations period for Labor Code section 226(e) penalties are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

///

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

114.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

115.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

116.    On or about May 15, 2019, Plaintiff, pursuant to California Labor Code sections 432, 226, and 1198.5, requested copies of his employment records, including, but not limited to, his payroll records.

117.    Defendants did not produce all employment records required pursuant to California Labor Code sections 432, 226, and 1198.5 because, upon information and belief, Defendants have failed to keep keep accurate and complete payroll records, among other things.

118.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

119.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    120.    More specifically, Plaintiff and the other class members have been injured

2    by Defendants' intentional and willful violation of California Labor Code section 1174(d)

3    because they were denied both their legal right and protected interest, in having available,

4    accurate and complete payroll records pursuant to California Labor Code section 1174(d).

5    **NINTH CAUSE OF ACTION**

6    **(Violation of California Labor Code §§ 2800 and 2802)**

7    **(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

8    **DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

9    **and DOES 1 through 100)**

10    121.    Plaintiff incorporates by reference the allegations contained in paragraphs

11    1 through 120, and each and every part thereof with the same force and effect as though

12    fully set forth herein.

13    122.    Pursuant to California Labor Code sections 2800 and 2802, an employer

14    must reimburse its employee for all necessary expenditures incurred by the employee in

15    direct consequence of the discharge of his or her job duties or in direct consequence of

16    his or her obedience to the directions of the employer.

17    123.    Plaintiff and the other class members incurred necessary business-related

18    expenses and costs throughout the duration of their employment that were not fully

19    reimbursed by Defendants, including, but not limited to, using personal phones for

20    business-related purposes.

21    124.    Defendants have intentionally and willfully failed to reimburse Plaintiff and

22    the other class members for all necessary business-related expenses and costs.

23    125.    Plaintiff and the other class members are entitled to recover from

24    Defendants their business-related expenses and costs incurred during the course and

25    scope of their employment, plus interest accrued from the date on which the employee

26    incurred the necessary expenditures at the same rate as judgments in civil actions in the

27    State of California.

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against MOHAWK INDUSTRIES, INC., DALTILE SERVICES, INC.,**

**DAL-TILE SERVICES, INC., DAL-TILE CORPORATION,**

**and DOES 1 through 100)**

126.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 123, and each and every part thereof with the same force and effect as though fully set forth herein.

127.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.    Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

129.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.   In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.   Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).   Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.   Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.   Defendants also violated California Labor Code sections 226(a), 1174(d), 2800

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    and 2802.

2      130.    As a result of the herein described violations of California law, Defendants

3    unlawfully gained an unfair advantage over other businesses.

4      131.    Plaintiff and the other class members have been personally injured by

5    Defendants' unlawful business acts and practices as alleged herein, including but not

6    necessarily limited to the loss of money and/or property.

7      132.    Pursuant to California Business & Professions Code sections 17200, et seq.,

8    Plaintiff and the other class members are entitled to restitution of the wages withheld and

9    retained by Defendants during a period that commences four years preceding the filing

10    of thisComplaint; an award of attorneys' fees pursuant to California Code of Civil

11    procedure section 1021.5 and other applicable laws; and an award of costs.

12                  **DEMAND FOR JURY TRIAL**

13      Plaintiff, individually, and on behalf of other members of the general public

14    similarly situated, requests a trial by jury.

15                    **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff, individually, and on behalf of other members of the

17    general public similarly situated, prays for relief and judgment against Defendants,

18    jointly and severally, as follows:

19                    **Class Certification**

20      1.    That this action be certified as a class action;

21      2.    That Plaintiff be appointed as the representative of the Class;

22      3.    That counsel for Plaintiff be appointed as Class Counsel; and

23      4.    That Defendants provide to Class Counsel immediately the names and most

24    current/last known contact information (address, e-mail and telephone numbers) of all

25    class members.

26              **As to the First Cause of Action**

27      5.    That the Court declare, adjudge and decree that Defendants violated

28    California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 willfully failing to pay all overtime wages due to Plaintiff and the other class members;

2   6. For general unpaid wages at overtime wage rates and such general and

3 special damages as may be appropriate;

4   7. For pre-judgment interest on any unpaid overtime compensation

5 commencing from the date such amounts were due;

6   8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to

7 California Labor Code section 1194; and

8   9. For such other and further relief as the Court may deem just and proper.

9      **As to the Second Cause of Action**

10   10. That the Court declare, adjudge and decree that Defendants violated

11 California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by

12 willfully failing to provide all meal periods (including second meal periods) to Plaintiff

13 and the other class members;

14   11. That the Court make an award to Plaintiff and the other class members of

15 one (1) hour of pay at each employee's regular rate of compensation for each workday

16 that a meal period was not provided;

17   12. For all actual, consequential, and incidental losses and damages, according

18 to proof;

19   13. For premium wages pursuant to California Labor Code section 226.7(c);

20   14. For pre-judgment interest on any unpaid wages from the date such amounts

21 were due;

22   15. For reasonable attorneys' fees and costs of suit incurred herein; and

23   16. For such other and further relief as the Court may deem just and proper.

24      **As to the Third Cause of Action**

25   17. That the Court declare, adjudge and decree that Defendants violated

26 California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

27 failing to provide all rest periods to Plaintiff and the other class members;

28   18. That the Court make an award to Plaintiff and the other class members of

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    other class members no longer employed by Defendants;

2        31.    For all actual, consequential, and incidental losses and damages, according

3    to proof;

4        32.    For statutory wage penalties pursuant to California Labor Code section 203

5    for Plaintiff and the other class members who have left Defendants' employ;

6        33.    For pre-judgment interest on any unpaid compensation from the date such

7    amounts were due; and

8        34.    For such other and further relief as the Court may deem just and proper.

9                    **As to the Sixth Cause of Action**

10       35.    That the Court declare, adjudge and decree that Defendants violated

11   California Labor Code section 204 by willfully failing to pay all compensation owed at

12   the time required by California Labor Code section 204 to Plaintiff and the other class

13   members;

14       36.    For all actual, consequential, and incidental losses and damages, according

15   to proof;

16       37.    For pre-judgment interest on any unpaid compensation from the date such

17   amounts were due; and

18       38.    For such other and further relief as the Court may deem just and proper.

19                   **As to the Seventh Cause of Action**

20       39.    That the Court declare, adjudge and decree that Defendants violated the

21   record keeping provisions of California Labor Code section 226(a) and applicable IWC

22   Wage Orders as to Plaintiff and the other class members, and willfully failed to provide

23   accurate itemized wage statements thereto;

24       40.    For actual, consequential and incidental losses and damages, according to

25   proof;

26       41.    For statutory penalties pursuant to California Labor Code section 226(e);

27       42.    For injunctive relief to ensure compliance with this section, pursuant to

28   California Labor Code section 226(h); and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    43.    For such other and further relief as the Court may deem just and proper.

2    **As to the Eighth Cause of Action**

3    44.    That the Court declare, adjudge and decree that Defendants violated

4    California Labor Code section 1174(d) by willfully failing to keep accurate and complete

5    payroll records for Plaintiff and the other class members as required by California Labor

6    Code section 1174(d);

7    45.    For actual, consequential and incidental losses and damages, according to

8    proof;

9    46.    For statutory penalties pursuant to California Labor Code section 1174.5;

10    and

11    47.    For such other and further relief as the Court may deem just and proper.

12    **As to the Ninth Cause of Action**

13    48.    That the Court declare, adjudge and decree that Defendants violated

14    California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff

15    and the other class members for all necessary business-related expenses as required by

16    California Labor Code sections 2800 and 2802;

17    49.    For actual, consequential and incidental losses and damages, according to

18    proof;

19    50.    For the imposition of civil penalties and/or statutory penalties;

20    51.    For reasonable attorneys' fees and costs of suit incurred herein; and

21    52.    For such other and further relief as the Court may deem just and proper.

22    **As to the Tenth Cause of Action**

23    53.    That the Court decree, adjudge and decree that Defendants violated

24    California Business and Professions Code sections 17200, et seq. by failing to provide

25    Plaintiff and the other class members all overtime compensation due to them, failing to

26    provide all meal and rest periods to Plaintiff and the other class members, failing to pay

27    at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's

28    and the other class members' wages timely as required by California Labor Code section

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.    For such other and further relief as the Court may deem just and proper.

Dated: August 24, 2022                         **LAWYERS** *for* **JUSTICE, PC**


By: _/s/ Brittany L. Shaw_____
      Edwin Aiwazian
      Brittany Shaw
      *Attorneys for* Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL