# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICO CRUZ SANCHEZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, et al.,<br><br>Defendants. | Case No.: 1:20-cv-1510 JLT EPG<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL EVIDENCE REGARDING THE LITIGATION EXPENSES INCURRED BY CLASS COUNSEL |

Class Counsel report litigation costs in the amount of $21,597.01 in this action. (Doc. 82-1 at 8.) Graham B. LippSmith reports that he identified "the costs Class Counsel incurred to date and that they anticipate incurring through final approval." (Doc. 82-1 at 8, ¶ 20.) However, the Court will not award costs for *anticipated* costs, but rather actual litigation expenses that were incurred. *See* 28 U.S.C. § 1920; Fed. R. Civ. Pro. 54; *see also Ontiveros v. Zamora,* 303 F.R.D. 356, 375 (E.D. Cal. 2014) (indicating that payments from the common fund for litigation expenses are intended to be a "reimbursement"). Nevertheless, Mr. LippSmith also indicates that "Class Counsel has a more detailed itemization of the costs that Class Counsel can make immediately available for the Court's review." (Doc. 82-1 at 8, ¶ 21.) Such information is necessary for the Court to determine whether the requested litigation expenses are fair, reasonable, and adequate in reviewing the requested payments from the Settlement fund.

Accordingly, the Court **ORDERS**: Class Counsel **SHALL** file supplementary evidence regarding their litigation expenses, including an itemization the costs incurred, **no later than September 15, 2025**.

IT IS SO ORDERED.

Dated:   **September 8, 2025**

_____
UNITED STATES DISTRICT JUDGE